UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PATRICIA A. HOUSEMAN,

    Plaintiff,

v.                                                                                             Case No. 1:13-CV-1352

AMSTED INDUSTRIES, INC. a Delaware                      HON. GORDON J. QUIST
corporation, ad BURGESS-NORTON
MANUFACTURING COMPANY, INC. a
Delaware corporation,

    Defendants.
_____/

**<u>OPINION</u>**

Plaintiff, Patricia A. Houseman, filed the instant action in state court. Defendants, Amsted Industries, Inc. and Burgess-Norton Manufacturing Company, Inc. removed the case to this Court on the grounds of diversity jurisdiction. Plaintiff moved to remand, arguing that this Court lacks jurisdiction because the amount-in-controversy requirement is not satisfied. Defendants dispute this, arguing that the damages alleged in the complaint likely exceed the amount-in-controversy requirement. For the foregoing reasons, the Court will grant Plaintiff's motion and remand to state court.

**Background**

In her complaint, Plaintiff alleges that Defendants caused toxic substances to enter her property and damage her home. (Compl. ¶ 1.) Plaintiff further alleges that, as a result, the value of her home decreased, and she has been forced to live in a home that may be unsafe, "[c]ausing her to be inconvenience [sic], worried, and stressed." (*Id.* at ¶¶ 73, 76.) Plaintiff asserts that she is

entitled to damages for diminution of property value and "damage to real property and personal injury for emotional stress and anguish." (*Id.* at ¶ 1.) She requests damages of $60,000 for the diminution in the value of her home and "any further amounts to which the plaintiff may be found entitled at the time of trial." (*Id.* at ¶ 80.)

## Legal Standard

A defendant may remove a civil case brought in state court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases in which the parties have diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. A defendant that removes a case from state court based on diversity jurisdiction bears the burden of showing that the amount-in-controversy requirement is satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Ordinarily, the amount claimed by the plaintiff controls. *Id.* When a plaintiff seeks to recover an unspecified amount, however, a Defendant must show that it is more likely than not that the amount-in-controversy requirement is satisfied. *Id.*

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Removal statutes are thus strictly construed to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)).

## Discussion

Plaintiff asserts that the amount in controversy is less than $75,000, and that the Court therefore lacks jurisdiction. Defendants argue that, because Plaintiff has requested $60,000 for the diminution of the value of her home, the amount-in-controversy requirement is satisfied if the damages claim for emotional distress exceeds $15,000. Although Plaintiff does not request any specific amount of damages for emotional distress, Defendants argue that it is "more likely than not" that Plaintiff's claim for emotional distress damages exceeds $15,000.

As Defendants point out, Plaintiff has requested $60,000 for the diminution of the value of her home, as well as "any further amounts to which the plaintiff may be found entitled at the time of trial." Defendants argue that Plaintiff is "hid[ing] the true amount in controversy behind Mich. Ct. R. 2.111(B)(2)," which prevents a plaintiff from requesting a specific amount of damages for claims that are not for a "sum certain." Defendants argue that the court rule allows Plaintiff to be vague and disguise her "clear[]" intent to seek damages in excess of the amount-in-controversy requirement.

Contrary to Defendants' assertion, it is not "clear" that Plaintiff intends to seek more than $15,000 for emotional distress. Although Plaintiff may seek damages based on the stress and anguish she allegedly suffered, there is nothing in the complaint to support Defendants' belief that such claims exceed $15,000. The complaint merely contains general allegations that Plaintiff suffered anguish and stress — it does not provide any specific details of those conditions, or state that Plaintiff ever saw a doctor or mental health professional as a result of them. These general allegations provide no reasonable basis to conclude that the claims for emotional distress exceed $15,000. *See Garrisi v. Nw. Airlines, Inc.*, No. 10-122298, 2010 WL 3702374, at *3 (E.D. Mich. Sept. 16, 2010) (finding that the defendant could not establish that the plaintiff's claim exceeded the amount-in-controversy requirement where the complaint contained only "general assertions").

The cases cited by Defendants involving motions to remand shed little light on the amount in controversy in this case. The cases in which district courts have refused to remand involved very different factual circumstances, and thus provide little insight into whether amount-in-controversy requirement is satisfied in this case. *See Milter v. Wright Med. Group, Inc.*, No. 11-CV11353, 2011 WL 4360024 (E.D. Mich. Sept. 19, 2011) (plaintiff sustained serious physical injuries from surgery with defective medical device); *Green v. Clark Refining & Marketing, Inc.*, 972 F. Supp. 423 (E.D. Mich. 1997) (plaintiff sustained "serious and grievous" physical injuries); *Pakledinaz v. Consol. Rail Corp.*, 737 F. Supp. 47 (E.D. Mich. 1990) (plaintiff alleged damages arising from employment discrimination). Moreover, Defendants' reliance on *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009) is misplaced. Although that case also involved exposure to hazardous substances, the plaintiffs in that case claimed damages for physical injuries as well as punitive damages. *See Mergist v. Multi-Chem Group, L.L.C.*, No. 6:11-cv-01821, 2012 WL 1493750, at *4-5 (W.D. La. March 14, 2012) (finding that the *In re 1994 Exxon Chemical Fire* ruling was not applicable, in part because the plaintiff had not requested punitive damages). In this case, Plaintiff has not requested punitive damages, and there is no indication that she suffered physical injury.

Finally, the "similar cases" cited by Defendants in which plaintiffs received large awards for emotional distress claims involved discrimination, unlawful detention, and retaliation. Contrary to Defendants' assertion, those cases are not similar, and have little bearing on Plaintiff's claims. Plaintiffs exposed to toxic substances appear to have received much smaller awards than those in the cases cited by Defendants. *See Mergist* , 2012 WL 1493750, at *5 (noting that a Louisiana court awarded from $2,000 to $5,000 for mental anguish in a chemical release case); *Watters v. Dep't of Soc. Serv.*, 102 So.3d 118, 132 (La. Ct. App. 2012) (upholding award of $10,000 for mental anguish for plaintiffs that suffered a variety of health issues due to exposure to toxic mold). Defendants have

4

not provided — and the Court has not found — any Michigan cases in which a plaintiff recovered damages for emotional distress under circumstances similar to those at issue.

Defendants have not demonstrated that it is "more likely than not" that the amount-in-controversy requirement is satisfied. Their argument that Plaintiff intends to seek more than $75,000 is based on speculation, and is not supported by the complaint or by case law.

For the foregoing reasons, the Court concludes that Defendants have failed to sustain their burden of establishing subject matter jurisdiction. Therefore, the Court will grant Plaintiff's motion for remand.

An Order consistent with this Opinion will be entered.


Dated: February 4, 2014 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE.